IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT ) <br>    OPPORTUNITY COMMISSION ) <br> ) <br>                   Applicant, ) <br> ) <br> v.                                  )   Civil Action No. <br> ) <br> ILLINOIS DEPARTMENT OF ) <br>    EMPLOYMENT SECURITY, ) <br> ) <br>                   Respondent. ) <br> _____) | |

**MEMORANDUM IN SUPPORT OF**
**APPLICATION FOR ORDER TO SHOW CAUSE**

Applicant, Equal Employment Opportunity Commission (the "Commission" or "EEOC"), submits this Memorandum in Support of the Commission's Application For An Order To Show Cause Why A Subpoena Should Not Be Enforced directed against Illinois Department of Employment Security ("IDES" or "Respondent"). The EEOC is currently investigating a charge of national origin discrimination filed against Sebis Direct, Inc. ("Sebis Direct") under Title VII of the Civil Rights Act of 1964 ("Title VII"). In the course of its investigation, the EEOC issued a subpoena seeking information about individuals who were referred to Sebis Direct by IDES. Respondent has refused to produce the requested information without a court order, and that refusal has delayed and hampered the investigation into this charge. The EEOC therefore applies to this Court to issue an Order to Show Cause Why the Subpoena Should Not be Enforced.

I.   BACKGROUND

On July 26, 2007, Julio Arguello ("Arguello") filed a Charge of Discrimination against

Sebis Direct, Inc. ("Sebis Direct"), Charge No. 440-2007-06657 (the "Charge"), alleging that Sebis Direct unlawfully discriminated against him on the basis of his national origin, Mexican. Specifically, Arguello alleges that he was subjected to different terms and conditions at work and was then terminated, because of his national origin. Exhibit 1 to Exhibit A, attached hereto.

In the course of its investigation of this charge, EEOC received information suggesting that Sebis Direct refused to consider the applications of Hispanics. Exhibit A, Declaration of Baran, Investigator, ¶ 4. EEOC also learned that Sebis Direct receives the majority of its job applicants from Illinois Skills Match, a program within IDES that matches workers with potential jobs. Id.

On December 3, 2007, Eva Baran, EEOC Investigator, orally requested that Respondent provide a report listing the individuals recommended to Sebis Direct by IDES since January 1, 2006. Id., ¶ 5. IDES refused to provide the information to the EEOC Investigator. Id., ¶ 6. Counsel for EEOC then spoke to Mr. Grenvich who said he was unable to comply with the request without a court order.

On December 17, 2007, EEOC served Respondent with Subpoena No. CH-08-037 ("Subpoena") requesting that IDES produce this list of individuals, identifying name, race, national origin, date of referral, whether or not they were hired by Sebis Direct, date of hire, address, and telephone numbers. Id., ¶ 7 and Exhibit 2 thereto. Pursuant to the Subpoena, this list was due to be produced by January 3, 2008. Id. To date, Respondent has failed to comply with the Subpoena. Id., ¶ 8.

II.     ARGUMENT

    A.     The Commission Is Authorized To Investigate Compliance With Title VII And To Seek Enforcement Of Its Subpoenas

The EEOC issued Subpoena No. CH-08-037 pursuant to its authority under Sections 706, 709, and 710 of Title VII, 42 U.S.C. §§ 2000e-5, 2000e-8, and 2000e-9, which authorizes the

2

Commission to investigate charges alleging violations of Title VII, to obtain relevant documents from employers charged with unlawful discrimination as well as third parties, and to have its subpoenas enforced by the court.  See also EEOC v. Gladieux Refinery, Inc., 631 F. Supp. 927, 930 (N.D. Ind. 1986) ("If a party refuses to obey a subpoena, the EEOC may apply for enforcement of the subpoena in the district court of the jurisdiction where the inquiry is being held or where the refusal occurred...").

In sum, the EEOC is authorized to investigate whether Sebis Direct has violated Title VII, to issue subpoenas necessary for its investigation, and to move for their enforcement by this Court.

      B.      The Showing Required To Support The Commission's Application For An Order To Show Cause Is Satisfied Here.

A subpoena enforcement proceeding is "a summary process designed to decide expeditiously whether a subpoena should be enforced."  EEOC v. Roadway Express, Inc., 750 F.2d 40, 42 (6th Cir. 1984).  A district court's review of an EEOC subpoena is "sharply limited."  EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987).

Administrative subpoenas should be enforced judicially, provided that the investigation is within the authority of the agency, the subpoena is not too indefinite, and the information sought is reasonably relevant to the matters under investigation.  Tempel Steel, 814 F.2d at 485; EEOC v. A.E. Staley Mfg. Co., 711 F.2d 780, 783 (7th Cir. 1983, cert. denied, 466 U.S. 936 (1984)).  Here, the Commission's investigation of an alleged violation of Title VII is clearly within its authority, as discussed supra, the Subpoena is quite specific, and the information sought is directly related to the matters under investigation, as discussed infra.

C.  The Information Sought is Relevant

The concept of relevancy during an EEOC investigation is much broader than that during litigation.  Section 709(a) states the EEOC's right to information in broad terms, granting EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [Title VII] and is relevant to the charge under investigation."  42 U.S.C. § 2000e-8(a).  The Commission is uniformly afforded access to "virtually any material that might cast light on the allegations" against the employer.  See EEOC v. Shell Oil Co., 466 U.S. 54, 68-69 (1984) (noting with approval the trend among courts in enforcing administrative subpoenas if the material subpoenaed "touches a matter under investigation"); see Motorola v. McLain, 484 F.2d 1339, 1342 (7th Cir. 1973), cert. denied, 416 U.S. 936 (1974).

It is undeniable that the requested information "might cast light on the allegations" made by Charging Party.  During the course of its investigation of these allegations, EEOC obtained evidence suggesting that, like and related to the allegations made by Charging Party, Sebis Direct may have been discriminating against Mexicans in hiring.  To investigate this allegation, EEOC must determine how many Mexicans are referred to Sebis Direct by IDES and, of those, how many are hired compared to other groups.  Therefore, the information sought in the Subpoena is directly relevant to EEOC's investigation of whether Sebis Direct has discriminated in hiring based on national origin.

III.   CONCLUSION

The Commission issued the Subpoena in furtherance of an investigation which is clearly within the Commission's authority, the Subpoena is not too indefinite, and the information sought is relevant to the matters under investigation.  For these reasons, and the reasons set forth

above, the Commission respectfully requests:

    A.    That an Order To Show Cause be issued directing Respondent to appear before this Court and to show cause, if there be any, why an Order should not be issued directing it to comply with the Subpoena;

    B.    That upon Respondent's response to the Order To Show Cause, an order be issued directing Respondent to comply with the Subpoena; and

    C.    That the EEOC be awarded its costs in bringing this action; and

    D.    That the EEOC be granted such further relief as may be necessary and appropriate.

                                      Respectfully submitted,

                                      __/s Jeanne B. Szromba_____
                                    Jeanne Szromba
                                    Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
       COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7546

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br><br>Applicant,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>EMPLOYMENT SECURITY,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF EVA BARAN

I, Eva Baran, hereby state as follows:

1. I have personal knowledge of the facts set forth below, and if called upon as a witness I could and would competently testify thereto.

2. I am an Investigator with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC"), and I have held this position since June 2007.

3. On or about August 15, 2007, I began to investigate the Charge of Discrimination filed by Julio Arguello against Sebis Direct, No. 440-2007-06657. Exhibit 1, attached hereto, is a true and correct copy of the Charge.

4. During my investigation of this Charge, I received information suggesting that Sebis Direct was discriminating against job applicants who were Hispanic. I also learned that Sebis Direct receives the majority of its job applicants from Illinois Skills Match, a program within Respondent Illinois Department of Employment Security ("IDES") that matches workers with potential jobs.

5.  On December 3, 2007, I called Mr. Gonzalez, Manager of Employment Services at IDES who referred me to Richard Grenvich, Assistant Attorney General for IDES. I asked Mr. Grenvich to provide me with a report identifying the individuals recommended to Sebis Direct by Illinois Skills Match (a program within IDES that matches workers with potential jobs) since January 1, 2006.

6.  Mr. Grenvich refused to discuss compliance with my request.

7.  On December 17, 2007, EEOC issued Subpoena Number CH-08-037 ("Subpoena") to IDES specifically requesting:

> a document identifying all individuals referred to Sebis Direct Inc. through Illinois Skills Match as potential employees at any time since January 01, 2006. For each individual, provide: name, race, national origin, date of referral, whether or not they were hired with Sebis Direct Inc., date of hire with Sebis Direct Inc., current or last known home address and all known telephone numbers (including area codes).

The Subpoena directed Respondent to produce the documents by January 3, 2008. Exhibit 2, attached hereto, is a true and correct copy of the Subpoena.

8.  To date, Respondent has failed to comply with the Subpoena.

I declare under penalty of perjury that the foregoing is true and correct.

_04/14/08_
Date

_Eva Baran_ (signature)
Eva Baran

2

**EXHIBIT 1**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2007-06657 |
|---|---|---|

Illinois Department Of Human Rights                          and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Julio C. Arguello | (773) 614-3675 | 03-03-1976 |

Street Address: 6221 S Moody, Chicago, IL 60638

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SEBIS DIRECT INC | 15 - 100 | (312) 243-9300 |

Street Address: 6516 W 74th, Bedford Park, IL 60455

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2002    Latest: 07-23-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on June 08, 1999. My most recent position was Machine Operator. During my employment I have been subjected to different terms and conditions of employment. I was terminated July 23, 2007.

I believe that I have been discriminated against because of my national origin, Mexican, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
JUL 26 2007
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 26, 2007    *[signature: Julio Arguello]*
Date              Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

**EXHIBIT 2**

EEOC Form 136
(10/94)

# UNITED STATES OF AMERICA
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO:   James P. Sledge
      IDES Director's Office
      33 S. State
      Chicago, IL 60603

NO.   CH-08-037

IN THE MATTER OF:   Sebis Direct Inc.

YOU ARE HEREBY REQUIRED AND DIRECTED TO:

[ ] Testify before:   [ ] Produce and bring *   [X] Mail * the documents described below to:

[ ] Produce access to the evidence described below for the purpose of examination or copying to:

Eva Baran, Investigator with the U. S. Equal Employment Opportunity Commission, located at

500 West Madison, Suite 2800, Chicago, Illinois 60661 on or before January 03, 2008 at 5:00pm

A document identifying all individuals referred to Sebis Direct Inc. through Illinois Skills Match as potential employees at any time since January 01, 2006. For each individual, provide: name, race, national origin, date of referral, whether or not they were hired with Sebis Direct Inc., date of hire with Sebis Direct Inc., current or last known home address and all known telephone numbers (including area codes).

cc: Richard Grenvich
    IDES Assistant Attorney General
    33 S. State #992
    Chicago, IL 60603

[ ] (ADA) 42 U.S.C. 12117(a)   [X] (Title VII) 42 U.S.C. 2000e-9   [ ] (ADEA) 29 U.S.C. 626(a)   [ ] (EPA) 29 U.S.C.209

ISSUING OFFICIAL (Typed name, title and address)   ON BEHALF OF THE COMMISSION
John P. Rowe, District Director
Equal Employment Opportunity Commission
500 West Madison, Suite 2800
Chicago, IL 60661



12-17-07
Date

SUBPOENA

PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

[ ] in person

[✓] by certified mail

[ ] by leaving a copy with a responsible person, at the principal office or place of business, to wit:

Name  James P. Sledge - IDES Director's Office

Position  _____

Address  33 S. State, Chicago, IL 60603

On  12/17/07
(Mo, day & year)

_Lrise M Chladek_
(Signature of person making service)

OMA
(Official title, if any)

State  Illinois

Parish/County  Cook

CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

On  _____
(Mo, day & year)

_____
(Signature of person making service)

_____
(Official title, if any)

Page 2 of Form 136 (10/94)